[S. F. No. 1710.  Department One.—March 21, 1900.]

In the Matter of the Estate of CHARLES P. CLARK, an Insolvent Debtor. ANTOINETTE B. PORTER, Appellant, v. CHARLES P. CLARK, Respondent.

INSOLVENCY—OPPOSITION TO DISCHARGE OF DEBTOR—ABSENCE OF ANSWER TO OPPOSITION — EVIDENCE — WAIVER — JURISDICTION.—The court is not deprived of jurisdiction to determine the merits of an opposition to the discharge of an insolvent debtor by one of his creditors, by reason of the fact that no formal answer was filed thereto by the insolvent. The creditor had a right to consider the affidavit of the debtor in support of his application for discharge as a substantial denial of the opposition thereto; and where the creditor introduced evidence in behalf of the opposition, a formal answer thereto was waived, and the court had jurisdiction to determine the merits of the case, and to grant the application for discharge.

ID.—DELIVERY OF BOOKS TO CLERK—EVIDENCE OF DEPUTY—FINDINGS.— An averment in the opposition of the creditor that the books of account of the insolvent debtor were not delivered to the clerk,

is not necessarily sustained by the evidence of a deputy clerk that he had access to the records and papers of the office, and had never seen any account-books which had belonged to the insolvent. Where no evidence was given by the county ·clerk himself, the court was not required to find from the evidence of the deputy that the books were not delivered to the clerk, nor that the defendant had not kept proper books of account.

ID.—INSUFFICIENT AVERMENT IN OPPOSITION—FAILURE TO KEEP PROPER BOOKS OF ACCOUNT—DEFECTS NOT SPECIFIED.—The averment of the creditor, as his opposition to the discharge of the debtor, upon information and belief, that the insolvent had not kept proper books of account, without specifying or showing any defects in the mode in which they had been kept, is not sufficient to defeat the application.

APPEAL from an order of the Superior Court of Santa Cruz County granting the discharge of an insolvent debtor.   Lucas F. Smith, Judge.

The facts are stated in the opinion.

Charles B. Younger, Jr., for Appellant.

J. H. Logan, and James O. Wanzer, for Respondent.

HARRISON, J.—The above-named insolvent made his application to the superior court for a discharge, to which the appellant filed an opposition. A hearing thereon was had, and the court made an order granting the discharge, from which the present appeal has been taken. The grounds relied upon by the appellant are that under section 54 of the Insolvent Act (Stats. 1895, p. 149) the court had no jurisdiction to hear the application until after the insolvent had filed and served an answer to the opposition; that without such answer the grounds of opposition must be considered as admitted by him, and that upon the facts so admitted he was not entitled to a discharge.

It is very evident from the bill of exceptions contained in the record that the application was heard upon the understanding by all parties that the issues of fact presented by the opposition were ready for trial. No objection was made by the opposing creditor to the hearing of the application upon the ground that an answer had not been filed; and that she did not consider that the grounds of opposition were admitted is shown by the fact that she offered evidence in support of them and submitted the

case to the court for its decision.  It was competent for the parties to proceed to a hearing by consent, without any answer having been filed, or upon a verbal stipulation that the allegations in the opposition should be deemed denied.  It moreover appears by the bill of exceptions that prior to the hearing of the application the insolvent made on that day, and filed, an affidavit as required by section 53 of the Insolvent Act, that he had not done, suffered, or been privy to, any act specified in the Insolvent Act as grounds for withholding a discharge.  This affidavit, although not a formal answer to the opposition, was in fact a denial of its allegations, and could have been so regarded by the creditor.  In the absence of any showing in the record that objection was made to the want of an answer, and in view of the fact that the creditor offered evidence in support of her averments, her position that the court was without jurisdiction to hear the application cannot be maintained.

The ground of opposition upon which the appellant relies is that the insolvent did not keep proper books of account.  The averments in this respect are that he did not deliver to the clerk any account-book which he may have kept, and by reason of this fact, and "upon information and belief," she alleges that the insolvent "did not keep proper books of account."  In support of this averment a deputy county clerk testified that he, as such deputy, at the time of the trial, had access to all the records and papers of the office, and had never seen any account-books which had belonged to the insolvent.  No evidence was given by the county clerk himself, and it was shown that at the time of the trial he was absent from the county.

The court was not required under this evidence to find that the insolvent had not, in fact, delivered any books to the clerk, nor to find that he had not kept any proper books of account. The averment of the creditor "upon information and belief" that the insolvent had not kept "proper" books of account, without specifying or showing any defects in the mode in which they had been kept, was not sufficient to defeat the application.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.